**BARON BROTHERS COMPANY,**
Plaintiff,

v.

**Albert STEWART, Sol Smith, Smith-Stewart Paper Products, Inc. and Rapid-American Corporation, Defendants.**

United States District Court
S. D. New York.

April 4, 1960.

Moss, Wels & Marcus, New York City, for plaintiff.

Colton, Gallantz & Fernbach, New York City, for defendants Sol Smith, Albert Stewart and Smith-Stewart Paper Products, Inc.

Wachtel & Michaelson, New York City, for defendant Rapid-American Corp., Benjamin Spiegel, New York City, of counsel, David N. Brainin, New York City, on the brief.

DIMOCK, District Judge.

Defendant Rapid-American Corporation, hereinafter Rapid-American, moves for summary judgment dismissing the complaint and, in the alternative, for an order granting leave to file a counterclaim against plaintiffs, Baron Brothers Company, hereinafter Baron Brothers, and a cross-claim against defendants Stewart and Smith. The counterclaim and cross-claim are intended to begin an interpleader action against plaintiffs Baron Brothers, on the one hand, and defendants Stewart and Smith, on the other, as claimants against defendant Rapid-American. Rapid-American moves also for leave to pay the disputed fund into court or file a bond and for a discharge from further liability in the premises.

The complaint is in the form sanctioned by Dioguardi v. Durning, 2 Cir., 139 F.2d 774, but on study it discloses the following claim: that defendants Stewart and Smith induced plaintiffs Baron Brothers to sell 60 shares of stock of defendant Smith-Stewart Paper Products, Inc., hereinafter Paper Products, for $1,500 a share by a false representation that that was all that it was worth, when in truth and in fact it was worth $5,000 a share, and that Stewart and Smith thereafter sold these 60 shares, with the remaining outstanding shares, to defendant Rapid-American for approximately $5,000 a share. While Rule 54(c) F.R.Civ.P., provides that, except on default, a plaintiff can be awarded any relief to which his proof shows him to be entitled, the pleader, possibly anticipating a default, makes these different demands: that plaintiffs recover $270,000 money damages against defendants Stewart, Smith and Paper Products, with counsel fees, interest and costs, that a trust to the extent of $270,000 be impressed on the 60 shares of stock and upon the unpaid part of the purchase price which defendant Rapid-American owes defendants Stewart and Smith; that Rapid-American be directed to pay to plaintiffs $270,000 out of said unpaid part of the purchase price and finally that all defendants be directed to account to plaintiffs for the 60 shares as well as all income and profits accrued therefrom. Thus the demand includes everything from affirmance and money damages to recision and return of the stock.

Incidentally, there is some indication in the papers that the stock of defendant Rapid-American may have been converted by merger or other proceedings into the stock of some other corporation. Thus the description "stock of Rapid-American" herein is always intended to refer to the equivalent amount of shares of any corporation into which it may have been converted.

■ Defendant Rapid-American's motion for summary judgment dismissing the complaint is based upon denial of any wrongdoing in connection with the 60 shares purchased. Although nothing of the kind is alleged in the complaint, plaintiffs now submit evidence by affida-

vit that defendant Rapid-American, when it bought the 60 shares, had knowledge of the fraud. There is thus an issue of fact and the motion for summary judgment of dismissal must be denied.

Defendant Rapid-American's chief concern, though, is with its plea for interpleader of plaintiff Baron Brothers and defendants Stewart and Smith. Rapid-American agreed to pay in installments for the 200 shares of stock purchased. A payment of $127,500 is due today. Hence Rapid-American moves for leave to file an amended answer instituting an interpleader proceeding against plaintiffs Baron Brothers, on the one hand, and defendants Stewart and Smith, on the other, and further moves for an order permitting it to pay into court, or file a bond for, an amount to be fixed by the court and discharging it from liability.

On an application for leave to file a pleading it is not customary to pass upon the validity of the statement of a claim therein and, as no other question arises in that connection, defendant Rapid-American is granted leave to serve and file the proposed amended answer a copy of which is annexed to its motion papers. The service and filing of the copy of the proposed pleading attached to the motion papers may stand as the service and filing of the authorized one as of this date.

■■ The motion for leave to pay into court or file bond and for discharge can be considered only as a motion for summary judgment of interpleader. "Interpleader actions involve two successive litigations. The first phase is between the plaintiff and the claimants as to whether the claimants shall interplead. After a hearing on the bill and answers the court may grant or deny the interpleader. The second phase follows a decree of interpleader and is between the adverse claimants * * *". Westinghouse Electric Corp. v. United Elec. Radio & Mach. Wkrs., D.C.W.D.Pa., 99 F.Supp. 597, 600. Since the interpleaded parties have had no time to answer the case is not ripe for formal hearing. The parties have, however, by affidavit presented facts in opposition to the motion and it has had all of the characteristics of a motion for summary judgment except the name. I shall therefore treat it as though it had been so named and made under Rule 56(a), F.R.Civ.P.

■ Baron Brothers and defendants Stewart and Smith say that the federal court has no jurisdiction because there is no diversity of citizenship between the two sets of alleged claimants since the Baron Brothers and Stewart and Smith are all citizens of New York. They cite section 1335(a)(1) of title 28 U.S.C. which gives the District Courts jurisdiction of interpleader if two or more claimants "of diverse citizenship" are claiming. Defendant Rapid-American is not proceeding under that section, however. It relies upon Rule 22, F.R.Civ.P., where what is necessary is diversity between the party seeking interpleader, on the one hand, and all claimants, on the other. E. C. Robinson Lumber Co. v. Fort, D.C. E.D.Mo.S.E.D., 112 F.Supp. 242, 243. That requirement is here satisfied since Rapid-American is an Ohio corporation.

■ That brings me to another requirement of Rule 22, the requirement that the "claims are such that the plaintiff is or may be exposed to double or multiple liability."

There is no claim that defendant Rapid-American participated in the alleged fraudulent obtaining of the 60 shares from plaintiffs Baron Brothers. Hence any recovery of money damages would have to be against defendants Stewart and Smith alone. The only theory on which recovery could be had against defendant Rapid-American would be that defendants Stewart and Smith, having obtained the 60 shares by fraud, became constructive trustees and that Rapid-American, when it received the 60 shares with knowledge of the fraud, held them subject to the trust. The maximum demand of plaintiffs Baron Brothers against defendant Rapid-American is the return of the 60 shares.

If plaintiffs should succeed in this, Rapid-American would be entitled to credit only for such payments made to Stewart and Smith as found their way ultimately to the defrauded Baron Brothers. The analogy is to the rule of the law of express trusts applicable where there has been a purchase from a trustee by a purchaser who has notice that the sale constitutes a breach of trust. That is stated by Restatement, Trusts, Second, section 291, comment o., Vol., II, p. 63, as follows:

"o. *Credit for purchase price.* If the trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust and who pays value for the trust property, and the beneficiary compels him to restore the property to the trust or to account for its value or for the proceeds, the transferee is entitled to credit for the amount which he paid for the trust property to the extent to which the trust estate has the benefit thereof. If, however, the purchase price has been misappropriated by the trustee and the trust estate has therefore not received a benefit therefrom, the transferee is not entitled to credit therefor."

Let us apply that rule here.

■ Defendants Stewart and Smith are demanding from defendant Rapid-American payment of $127,500 today as an installment of the purchase price for the 60 shares of stock. Plaintiffs Baron Brothers are demanding from defendant Rapid-American in this suit the return of the 60 shares of stock. If defendant Rapid-American pays the $127,500 installment and then is forced to disgorge the 60 shares of stock, it will be subjected to double liability to the extent of $127,500 unless it is allowed credit for the payment. It cannot be sure of such credit because, to say the least, it cannot be sure that defendants Stewart and Smith will turn the $127,500 over to Baron Brothers and thus give "the trust estate the benefit thereof".

Defendant Rapid-American thus makes out a case where it is "exposed to double * * * liability" within Rule 22, F.R.Civ.P.

It is therefore ordered, adjudged and decreed:

1. That defendant Rapid-American's motion for summary judgment dismissing the complaint is denied.

2. That defendant Rapid-American is granted leave to serve and file the proposed amended answer a copy of which is annexed to its motion papers. The service and filing of the copy of the proposed pleading attached to the motion papers shall stand as the service and filing of the authorized one as of this date.

3. That defendant Rapid-American file a surety bond in this action and/or make a deposit in the Registry of this Court in the sum of $127,500, there to abide the judgment of the court.

4. That upon such filing or deposit plaintiffs Baron Brothers Company and defendants Albert Stewart and Sol Smith interplead and settle between themselves their rights to the said sum of $127,500.

5. That upon such filing or deposit defendant Rapid-American Corporation be discharged, to the extent of $127,500, from any liability to plaintiffs Baron Brothers Company, if said plaintiffs are ultimately adjudged to be entitled to said sum, or to defendants Albert Stewart and Sol Smith, if said defendants are ultimately adjudged to be entitled to said sum.

6. That upon such filing or deposit defendants Albert Stewart and Sol Smith be and they hereby are restrained and enjoined from instituting any action or actions against defendant Rapid-American to recover the sum of $127,500 due on Monday, April 4, 1960.

7. That defendant Rapid-American's application for costs and attorneys' fees is denied.

So ordered and adjudged.