**JOHN ROSENBLUM, INC., Petitioner,**

v.

**S. Hazard GILLESPIE, Jr., Respondent and Third-party Plaintiff,**

v.

**Julia M. SHANER, Third-party Defendant.**

**NORTH SCRANTON BANK AND TRUST COMPANY, Petitioner,**

v.

**S. Hazard GILLESPIE, Jr., and United States of America, Respondents and Third-party Plaintiffs,**

v.

**Julia M. SHANER, Third-party Defendant.**

United States District Court
S. D. New York.
Sept. 23, 1960.

Max E. Greenberg, New York City, for petitioner John Rosenblum, Inc., Emanuel Harris, New York City, of counsel.

Konheim & Halpern, New York City, for petitioner North Scranton Bank, Samuel Halpern, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City, pro se and Atty. for U. S., Lola S. Lea, Asst. U. S. Atty., New York City, of counsel.

Sullivan & Cromwell, New York City, for third-party defendant Shaner, Bal-lard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

METZNER, District Judge.

Rosenblum and the North Scranton Bank and Trust Company brought separate petitions to direct the respondent, the United States Attorney for the Southern District of New York, to return bonds to them which each had turned over to the respondent pursuant to a Grand Jury subpoena. The Grand Jury was investigating the theft of the bonds. After the theft, the bonds had passed through several hands until they reached the possession of these petitioners.

After the bonds had served their purpose, the petitioners requested their return, but respondent refused because in the meantime the person from whom the bonds had been stolen had made claim to them. Petitioners then brought this proceeding seeking a court order directing the return of the bonds. Respondent answered the petition, setting forth the facts and requesting that the person from whom the bonds were stolen be made a party to the proceeding and that the petitioner and this third party interplead their claims and the court adjudge which one was entitled to the bonds. An order was thereafter entered, making the original owner a party to this proceeding, and enjoining the various parties from instituting or prosecuting any proceeding affecting this property pending the return of the order to show cause for a permanent restraining order and for an order directing the parties to interplead their respective claims. 28 U.S.C. § 2361.

The question presented on this motion is whether the circumstances as outlined above justify an interpleader action pursuant to 28 U.S.C. § 1335. The pertinent portion of that statute reads as follows:

"The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person * * * having in his * * * custody or possession * * * property * * * if [t]wo or more adverse claimants * * * are claim-

ing \* \* \* to be entitled to such \* \* \* property \* \* \*."

The basis of the petitioners' opposition to the motion is predicated upon the argument that since the United States Attorney obtained possession of the bonds through process of the court, the turning over of the property was not the voluntary act of the petitioners, but the result of compulsion, and therefore the bonds must be returned when the Grand Jury had no further need for them. It is their contention that custody obtained on these facts does not warrant interpleader.

■ The literal language of the statute quoted above covers this case. No authority has been cited to the court indicating that a different rule should apply because the "stakeholder" obtained the property involuntarily and by process. It is true that papers produced pursuant to a subpoena remain the property of the person who produces them, and they must be returned as soon as the Grand Jury has had an opportunity to examine them for the purpose for which they were summoned. Application of Bendix Aviation Corp., D.C.S.D.N.Y. 1945, 58 F.Supp. 953. However, in that case the court was not presented with the problem of a claim to ownership by a third party.

More analogous to the instant case are those cases which have held that an agent may maintain interpleader to determine the right to possession as between his principal and third parties. Railway Express Agency, Inc. v. Jones, 7 Cir., 1939, 106 F.2d 341; cf. Wertheimer v. Bank of Nova Scotia, D.C.S.D.N.Y.1956, 140 F.Supp. 950.

■ The respondent, under the facts presented here, is subject to possible double liability if he were to deliver the bonds to the improper claimant. At the least, there is the possibility of multiple suits. Modern interpleader is designed to protect against both of these possibilities. A/S Krediit Pank v. Chase Manhattan Bank, D.C.S.D.N.Y.1957, 155 F.Supp. 30, 33, 34, "mere threat of future litigation is a sufficient basis for interpleader". American-Hawaiian SS Co. v. Bowring & Co., D.C.S.D.N.Y.1957, 150 F.Supp. 449; United Benefit Life Ins. Co. v. Katz, D.C.E.D.Pa.1957, 155 F.Supp. 391. In addition, the Interpleader Act has been characterized as remedial legislation and liberally construed by the courts. B. J. Van Ingen & Co. v. Connolly, 3 Cir., 1955, 225 F.2d 740, 744; American-Hawaiian SS Co. v. Bowring & Co., supra. Interpleader seems well justified in the context of the present case.

■ The right to maintain interpleader is not dependent upon the merits of the claims of the adverse claimants. John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 1953, 200 F.2d 952, 954; Bierman v. Marcus, 3 Cir., 1957, 246 F.2d 200, 202. Petitioners' discussion of the merits is therefore premature.

Motion granted. Settle order.