**EMMCO INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**FRANKFORD TRUST COMPANY et al., Defendants.**

Civ. A. No. 71-2618.

United States District Court, E. D. Pennsylvania.

Dec. 27, 1972.

Kenneth Cushman, Arthur L. Pressman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Henry A. Stein, Edward Greer, Mesirov, Gelman, Jaffe & Levin, Philadelphia, Pa., for defendant Frankford Trust Co.

Louis C. Bechtle, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant Federal Housing Administration.

Bertram Bennett, Jenkins, Bennett & Jenkins, Philadelphia, Pa., for defendant Thonet Industries, Inc.

Richard M. Shusterman, White & Williams, Philadelphia, Pa., for defendant Strescon Industries, Inc.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

### I. FACTS

By a writing dated July 31, 1969, plaintiff as re-insuror executed and delivered a certain reinsurance agreement in the penal amount of $78,118.50 on behalf of United Bonding Insurance Company ("United"), whereby plaintiff undertook to reinsure a portion of a certain performance bond that United and Noe Construction Corporation ("Noe") executed in favor of Colonial Funding Corporation of Pennsylvania ("Colonial") and Frankford Trust Company ("Frankford").

The performance bond was conditioned for the performance of all work required in the fulfillment of a contract

dated July 31, 1969 between Noe and Colonial for the construction of the Northampton Nursing Home, Federal Housing Administration Project No. 034–43016–PM.

In addition to the performance bond, Noe and United executed a payment bond conditioned for the payment of all persons supplying labor and materials for the construction of the nursing home. Plaintiff denies undertaking to reinsure the payment bond obligation. Defendants Frankford, Strescon, and Thonet contend the plaintiff undertook to reinsure both the performance bond and the payment bond. This is a contested issue of fact as to which we make no finding at this time.

In any event, it appears from the pleadings that Noe has not completed performance of its agreement with Colonial and Frankford, and in addition, has failed to pay certain subcontractors and materialmen who have furnished labor and materials on the nursing home project.

Defendant Strescon has obtained a judgment against Noe and United in the amount of $34,615.50. Strescon Industries, Inc. v. Noe Construction Corp. and United Bonding Co., Court of Common Pleas, Northumberland County, Pennsylvania, No. 391, May Term, 1970. Defendant Thonet filed a complaint in this court on July 31, 1971 against Noe, United and Emmco, seeking a judgment in the amount of $50,637.94. Thonet Industries, Inc. v. Noe Construction Corporation, Joseph S. Geeslin, Jr., Liquidator of United Bonding Insurance Company and Emmco Insurance Company, C. A. No. 71–1635 (E.D.Pa.).

Plaintiff denies liability to the claimants, and in the alternative, contends that its liability is limited to the sum of $78,118.50. Finally, plaintiff seeks the following relief: (a) that the defendants be enjoined from instituting, maintaining, or prosecuting any suit against plaintiff in connection with the nursing home project; (b) that the defendants be required to interplead among themselves their rights, if any, to the $78,118.50; (c) that the defendants be required to set forth in this proceeding all of their claims against plaintiff; (d) that plaintiff be discharged from all liability arising from the reinsurance agreement; and (e) that the plaintiff be awarded an amount equal to the costs and expenses incurred by it in the prosecution of this action.

■ From the foregoing it is quite clear that numerous claims have been asserted or threatened against plaintiff, so that plaintiff "is or may be exposed to double or multiple liability", F.R.Civ.P. 22, in excess of the plaintiff's alleged liability of $78,118.50. We therefore conclude that an action in the nature of interpleader is appropriate.

## II. MOTION TO DISMISS BY FHA

Defendant Federal Housing Authority ("FHA") has moved to dismiss pursuant to F.R.Civ.P. 12(b)(1) and (6). For the following reasons we will deny this motion.

The FHA's first contention is that the injunction sought by plaintiff is not permissible under F.R.Civ.P. 22 (non-statutory interpleader).

Title 28 U.S.C. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Title 28 U.S.C. § 2361 provides an express Congressional exception to § 2283:

"In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. * * *"

■ The FHA argues that § 2361 applies only to statutory interpleader, 28

U.S.C. § 1335, and hence that no injunction may be had in a Rule 22 interpleader. We agree with the premise, but not with the conclusion. By its terms § 2361 applies only to § 1335 interpleaders. However, § 2283 itself contains the basis for the injunction plaintiff seeks. In our judgment, the injunction sought here is "necessary in aid of [our] jurisdiction." In Pan American Fire & Casualty Company v. Revere, 188 F.Supp. 474 (D.La.1960), Judge J. Skelly Wright said, at page 485:

"* * * Certainly that result is desirable, if not indispensable. If the court had no power to enjoin concurrent state court proceedings, the grant of interpleader would often create more problems than it solved."

The reasoning of PAN AMERICAN is applicable to final, as well as preliminary injunctions, since such would be needed "to protect or effectuate [our] judgments." Wright, Law of Federal Courts, p. 325.

■ Second, the FHA contends there is an absence of diversity between plaintiff and the FHA because the FHA is not a citizen of one of the states. We disagree. For the purpose of process and diversity of citizenship, the FHA is to be treated as a federal corporation and a citizen of the District of Columbia. Garden Homes, Inc. v. Mason, 249 F.2d 71 (C.A. 1, 1957), cert. den. 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958).

■ Third, the FHA denies that it is a suable entity. However, its very own enabling legislation, 12 U.S.C. § 1702, specifically authorizes the FHA, in carrying out its statutory purposes, to sue and be sued in any court of competent jurisdiction. *See e. g.* Federal Housing Administration Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L. Ed. 724 (1940).

## III. ANSWERS BY STRESCON, THONET AND FRANKFORD

Answers to the interpleader complaint have been filed by defendants Strescon, Thonet and Frankford. Defendant Tho-

net prays that the interpleader complaint be dismissed. Defendants Strescon and Frankford pray that the plaintiff be required to deposit the $78,118.50 into the Registry of the court as a condition for maintaining this interpleader action. Strescon and Frankford also pray that the plaintiff be denied payment out of the fund deposited into the court for costs and expenses incurred in the prosecution of this action. Frankford also seeks to join third-party defendants against whom Frankford has claims or who have asserted claims against Frankford arising out of the transactions concerning the construction of the Northampton Nursing Home.

■■ Under the interpleader statute, 28 U.S.C. § 1335(a), the deposit of funds or the giving of a bond is a jurisdictional prerequisite to maintaining such an action. Edner v. Massachusetts Mutual Life Ins. Co., 138 F.2d 327 (C.A. 3, 1943). In non-statutory interpleader under F.R.Civ.P. 22, although deposit is not a jurisdictional prerequisite, it is often required in the discretion of the court as a means of safeguarding the disputed fund and facilitating execution of judgment. 3A Moore's Federal Practice ¶ 22.10 (2d ed. 1970), Wright, The Law of Federal Courts 326 (2d ed. 1970).

■ Here, the plaintiff desires to dispute the amount of its obligation, in whole or in part. In such case, it is appropriate to require the plaintiff to deposit or give bond for the largest amount that is in dispute. 3A Moore's Federal Practice ¶ 22.10.

Plaintiff seeks an award for the costs and expenses incurred by it in the prosecution of this action. The prevailing principle in federal interpleader actions, whether brought under the statute or Rule 22, is that it is within the discretion of the court to award the stakeholder's costs out of the deposited fund. However, where a stakeholder contests his liability, in whole or in part, with regard to the fund, counsel fees may be denied or allowed only for costs allocable

to that part of the case involving initiating the interpleader action; but not to counsel fees expended in protection of the stakeholder's alleged interests in the fund. 3A Moore's Federal Practice ¶ 22.16(2). However, we need not resolve this issue at this time. *Cf.* United Benefit Life Ins. Co. v. Katz, 155 F. Supp. 391, 394 (E.D.Pa.1957), Pennsylvania Fire Ins. Co. v. American Airlines, Inc., 180 F.Supp. 239, 243 (E.D.N.Y. 1960).

## IV. PRELIMINARY INJUNCTION

On November 29, 1971, an order was filed requiring the defendants to show cause why an injunction *pendente lite* should not be granted. A hearing on this motion was held before United States District Judge James H. Gorbey on December 21, 1971, who took the matter under advisement.

Defendant Strescon filed a brief in opposition to plaintiff's motion for a restraining order. Strescon's objection was based on plaintiff's failure to make a deposit of the amount in controversy with the Registry of the court. Defendant Thonet has indicated that although it opposes the interpleader complaint, it has no objection to such an order.

For the reasons already discussed, we find that a preliminary injunction is appropriate in this case, and the plaintiff's motion will be granted. However, this injunction will be conditioned upon the compliance of the plaintiff with the Order of this court to deposit the $78,118.-50 with the court or to post a bond in that amount with adequate surety.

## ORDER

And now, this 27th day of December, 1972, it is ordered as follows:

1. The motion to dismiss by defendant Federal Housing Administration is denied.

2. The defendant Federal Housing Administration shall have sixty (60) days in which to file an answer to the complaint.

3. As a condition to maintaining this action, plaintiff shall deposit with the Registry of this court within twenty (20) days the amount of $78,118.50, or shall enter into a bond with sufficient surety in that amount.

4. Upon deposit with the court of $78,118.50 by the plaintiff, defendants are enjoined from instituting, maintaining or prosecuting any suit at law or in equity or action of any kind whatsoever against the plaintiff with respect to the reinsurance agreement in connection with the nursing home project referred to herein, until further order of this court.

5. Defendants shall interplead and settle among themselves their rights, if any, to the sum of $78,118.50 deposited by the plaintiff with the court.

6. Defendants shall set forth in this proceeding any and all claims based on the reinsurance agreement mentioned herein, and upon failure to do so, said defendants shall be forever barred and estopped from hereafter asserting any claim or demand under or by virtue of said agreement.

7. Defendant Frankford Trust Company is granted leave to join such other third parties against whom Frankford Trust Company has claims and/or who have asserted claims against Frankford Trust Company arising out of the transaction and series of transactions concerning the construction of the Northampton Nursing Home which is the subject matter of this complaint.

8. Plaintiff's motion for costs and expenses incurred by it in the prosecution of this action is denied without prejudice.