**BANKERS TRUST COMPANY OF WESTERN NEW YORK, Plaintiff,**

v.

**Stuart L. CRAWFORD and Kutner Buick, Inc. and Chalfont Industries, Inc., Defendants.**

**No. CIV-82-390.**

United States District Court,
W.D. New York.

March 29, 1983.

Michael C. Foley, Jamestown, N.Y., for plaintiff.

Martin F. Idzik, Jamestown, N.Y., Wilbur Greenberg, Philadelphia, Pa., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an interpleader action brought by Bankers Trust Company of Western New York ("the bank"), a New York corporation, pursuant to the Federal Interpleader Statute, 28 U.S.C. § 1335, to settle a dispute as to a cashiers check in the amount of $50,-023. Defendant Stuart L. Crawford is a resident of New York, and defendants Kutner Buick, Inc. ("Buick") and Chalfont Industries, Inc. ("Chalfont") are Pennsylvania corporations. Buick has now moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. rule 12(b)(1) or, alternatively, to transfer the action from this district to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). The bank seeks to permanently enjoin Buick and Crawford from initiating or further prosecuting any action other than the present one concerning the disputed funds. The bank also seeks to be discharged from the case before this Court determines whether venue should be changed.

The facts of this case appear to be fairly extensive and have not yet been firmly established. After some preliminary dealings between Crawford and Chalfont in Bucks County, Pa., Crawford on February 17, 1982 secured a cashiers check from the bank's Jamestown, N.Y. branch. The check was in the amount of $50,023 and made payable to Chalfont. Upon receipt thereof on February 22nd, Jerome S. Kutner, President of Chalfont, purportedly endorsed the check to Buick in exchange for "valuable" consideration in the same amount. Buick alleges that it took the check as a holder in due course and then deposited it in a Philadelphia bank.

On February 19, 1982 Crawford demanded that the Jamestown bank stop payment on the cashiers check and offered to indemnify the bank against any liability for doing so. On February 24th Crawford began an action against the bank in New York State Supreme Court, Chautauqua County, complaining of its refusal to honor his stop-pay-

ment order. Crawford also applied for and received an Order to Show Cause and temporary restraining order from the New York court restraining the bank from honoring its cashiers check until February 26th, the return date of the order to show cause. On February 25th Crawford signed an indemnification agreement holding the bank harmless from all liability arising out of the latter's refusal to make payment on the cashiers check. On that same day the New York State Supreme Court issued a preliminary injunction restraining the bank from honoring and making payment upon the cashiers check pending a trial and determination of the action. Apparently, neither Buick nor Chalfont was aware of the New York proceedings.

On March 4, 1982, only ten days after it had received the cashiers check from Crawford, Chalfont filed a petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania under Chapter 11 of the Bankruptcy Act. On April 5th Buick filed an action against the Bankers Trust Company of Western New York in the United States District Court for the Eastern District of Pennsylvania (Civil No. 82–1514) in which it alleged that the bank had breached a contract with it by not honoring the cashiers check because Buick was a holder in due course. Buick sought as relief damages in the amount of $50,023, interest thereon, attorneys fees, and expenses and costs. On April 28th the bank filed an answer to Buick's complaint, asserting as its first defense that it was not doing business in the Commonwealth of Pennsylvania.

On May 4th the bank instituted this interpleader action, depositing the sum of $50,023 with this Court and naming as defendants/claimants Crawford, Buick and Chalfont. On May 5th I stayed all other proceedings affecting the funds, enjoining defendants from instituting or proceeding further in any proceeding in any state court or other federal district court. The bank seeks to permanently enjoin Buick from further prosecuting the action brought against it in the United States District Court for the Eastern District of Pennsylvania, to permanently enjoin Crawford

from further prosecuting the action brought against it in New York State Supreme Court and to be discharged from the case as a disinterested stakeholder.

Section 1335 requires the existence of five elements before interpleader relief is appropriate: the interpleader action must be brought by a stakeholder who has "custody or possession" of the funds that constitute the fund to be distributed; the action must concern the minimal jurisdictional amount of $500; there must be two or more adverse claimants asserting a right to the fund; the adverse claimant must be of diverse citizenship as defined in 28 U.S.C. § 1332; and the full amount disputed must be deposited in the court registry. *See* 3A Moore's Fed.Prac. ¶ 22.07 (1982 ed.). In the instant case all of these prerequisites have been met.

In support of its action to dismiss for lack of subject matter jurisdiction, Buick first contends that Chalfont has no interest in the present litigation and that Buick possesses the cashiers check as a holder in due course under Uniform Commercial Code § 3–302. Buick contends that the bank incurred contractual liability when it issued the cashiers check in the name of Chalfont and that the bank is now liable for breach of contract to Buick. These allegations are the underlying bases of Buick's action against the bank in Pennsylvania.

Buick's alleged status as a holder in due course, however, is wholly irrelevant to the consideration whether this court has jurisdiction to entertain this interpleader action. Buick's alleged status as a holder in due course, which in itself is a question of fact, is relevant only in determining its eventual entitlement to the disputed funds. Interpleader *jurisdiction* is not dependent on the merits of the respective underlying claims. *Hunter v. Federal Life Ins. Co.,* 111 F.2d 551, 556 (8th Cir.1940); *Stuyvesant Insurance Co. v. Dean Construction Co.,* 254 F.Supp. 102, 108 (S.D.N.Y.1966), *aff'd,* 382 F.2d 991 (2d Cir.1967). Thus although Buick, as any other claimant, may prevail on the ultimate disposition of this case,

Buick's alleged status as a holder in due course is not germane to the jurisdictional question under consideration.

Buick next claims that interpleader jurisdiction should not lie because a single interpleader action would not settle the entire dispute and because other actions are pending. The bank is currently defending two actions arising out of the issuance of the cashiers check.

■ Despite Buick's contentions, this case is patently appropriate for interpleader relief. Section 1335 of Title 28 of the United States Code is to be liberally construed to protect a stakeholder from the expense of defending more than one action. *Douglas-Guardian Warehouse Corp. v. Ramy Seed Co.,* 271 F.2d 24, 28 (8th Cir.1959); *John Rosenblum Inc. v. Gillespie,* 187 F.Supp. 258, 260 (S.D.N.Y.1960). Section 1335 is designed to protect stakeholders such as this plaintiff from multiple liability when there are conflicting claims of various litigants to the disputed property. *Libby, McNeill & Libby v. City Nat. Bank,* 592 F.2d 504, 509 (9th Cir.1978). Moreover, despite Buick's arguments, injunctive relief in an interpleader action is "especially proper" when there are numerous claimants and where such relief would prevent a multiplicity of lawsuits. *United States v. Major Oil Corp.,* 583 F.2d 1152, 1157 (10th Cir.1978).

■ Buick nonetheless asserts that its rights cannot be fully adjudicated in an interpleader action because it has claims "outside" the interpleader action and seeks damages "in excess of the deposited fund." An analysis of Buick's complaint in its action in Pennsylvania, however, demonstrates that Buick's assertions are not tenable. In that action, Buick seeks primarily to obtain damages in the amount of $50,023, as well as costs, interest and attorneys fees. The amount Buick seeks is the amount that the bank deposited initially with this Court. Moreover, a claimant in an interpleader action can recover costs and expenses (*see Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 194–95 (9th Cir.1962)), interest (*see Massachusetts Mut. Life Ins. Co. v. Central Penn. Nat.*

*Bank,* 372 F.Supp. 1027, 1035 (E.D.Pa.1974), aff'd, 510 F.2d 969, 970 (3d Cir.1975)) and attorney's fees (*see Murphy v. Travelers Ins. Co.,* 534 F.2d 1155 (5th Cir.1976)). Thus Buick has requested no relief in its action in the United States District Court for the Eastern District of Pennsylvania which cannot be obtained as well in this interpleader action.

■ Buick's contentions that it has independent claims outside the scope of this interpleader action are also unpersuasive. Buick's "contract" action arose solely out of the bank's failure to honor the cashiers check. Buick's claims in that action are virtually indistinguishable from any claims that it would have in this action and the relief sought in the "contract action" is readily available if so warranted herein. It is clear from reading Buick's complaint in the contract action that a single interpleader action would indeed settle the entire dispute between itself and the bank.

By merely presenting its claim as a contract action and purporting to have additional claims, Buick has not presented any claims outside of the fund itself. Nor does the fact that Buick proposes a "different" theory of recovery prevent it from being interpleaded with Crawford. It is clear that the bank, owing a single obligation, could settle in a single action who is its obligee. *See Trowbridge v. Prudential Insurance Company of America,* 322 F.Supp. 190, 192–93 (S.D.N.Y.1971).

Buick next contends that interpleader is improper because the bank has not deposited in the court registry the entire amount in dispute. Kutner argues that the $50,023 initially deposited does not "include [Buick's] claim for damages in excess of $50,023.00," because the entire sum in controversy is not "readily ascertainable" and is of an "unlimited nature." The demand for relief in Buick's complaint in Pennsylvania, however and as already noted, seeks only the amount of the check, interest, costs and attorneys fees, and other relief deemed appropriate by the court. The bank has deposited in this Court an additional

$1,751.57 representing interest at the rate of eighteen percent from the date of presentment until the date of initial deposit of the principal sum in and with this Court's Clerk. Thus Buick's contention that the entire amount in dispute has not been deposited is also without merit.

Buick lastly argues that it should not be enjoined from litigating its independent action and claim over and above the fund against the bank. Again, Buick misstates the nature of its claim. Although it is true that an interpleader proceeding should not be converted into a "bill of peace," *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967), it is clear that Buick has not presented a claim in its contract action which lies outside the scope of the instant interpleader action.

Accordingly, Buick's motion to dismiss should be denied.

Coming to Buick's motion to transfer, it is to be noted that an interpleader action is ordinarily divided into two stages. In the first, a court is to determine whether the stakeholder is entitled to interplead the defendants/claimants. In the second stage, a determination is made on the merits of the adverse claims. *See Wilmington Trust Company v. Gillespie,* 397 F.Supp. 1337, 1340–41 (D.Del.1975); *Baron Bros. Co. v. Stewart,* 182 F.Supp. 893 (S.D.N.Y.1960). Having determined that interpleader is proper, the merits of Buick's motion to transfer the case to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a) are to be considered.

■ Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of allowing a change of venue is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The paramount consideration, however, is the interest of justice. *Donald v. Seamans,* 427 F.Supp. 32 (E.D.Tenn.1976).

■ In the majority of cases, a plaintiff's choice of forum will not be disturbed unless the balance of factors strongly favor transfer. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). In an interpleader action, however, the plaintiff has no real interest concerning the jurisdiction in which the dispute between or among the defendants/claimants is to be litigated. There is thus no reason to defer to its selection of forum. *Wilmington Trust Company v. Gillespie, supra* at 1341 n. 3. The case at bar is somewhat different from the usual interpleader case in that the bank, the stakeholder, has deposited interest on the disputed amount but has reserved its right to contest an award of interest at such a high rate. Because the bank has reserved this right, it does in fact have an ongoing—albeit, minimal—interest in this litigation.

■ Nevertheless, an examination of the facts indicates that the case should be transferred. Buick and Chalfont are Pennsylvania corporations located within the Eastern District of Pennsylvania. Crawford acknowledges in an affidavit in support of the Order to Show Cause that the basis for stopping payment on the cashiers check was the misrepresentations made by Chalfont to Crawford. These misrepresentations were allegedly made in the Eastern District of Pennsylvania. The contractual agreement between Chalfont and Crawford was entered into there. Thus the underlying bases of Crawford's New York action against the bank involve a Pennsylvania corporation and its conduct in Pennsylvania. Moreover, Jules Kutner, majority shareholder of Buick and father of Jerome S. Kutner of Chalfont, figures to be an important witness in determining the nature of the Buick-Chalfont relationship. There has been notice presented to this Court that Jules Kutner is currently recovering from a cerebral thrombosis and is unable to travel.

Buick asserts in its claim to the funds that it possesses the check as a holder in due course, an assertion that Crawford vigorously contests. As Crawford concedes, the only issue in this interpleader proceeding "is whether Kutner Buick is a *bona fide* holder in due course and whether it is entitled to the funds on deposit with this Court." Yet the facts determinative of whether Buick is in fact a holder in due course must be gleaned from an examination of the Buick-Chalfont relationship.

All of the relevant transactions between Buick and Chalfont occurred in the Eastern District of Pennsylvania. Jules Kutner and his son, Jerome S. Kutner, reside within that district. Moreover, the documentary evidence surrounding this action is located in Pennsylvania, many of the pertinent witnesses reside in the Eastern District of Pennsylvania and the challenged conduct took place there. *Accord, Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975).

Crawford and the bank urge that the New York nexus to this action warrants its retention in this district. New York's connection with this action is that Crawford is a New York resident, that the bank is a New York bank, that the cashiers check was issued in New York, that the bank's contractual obligations are governed by New York law and that a New York court has enjoined the bank from honoring the check. In other contexts these factors might support New York venue but they are here insufficient. The mere facts that Crawford is a New York resident and has a relationship with a New York bank are insufficient to warrant retention of the case in this district when all the allegedly misleading acts underlying the issuance of the check and the acts determinative of Buick's alleged status as a holder in due course occurred in Pennsylvania.

Crawford also urges that conservation of judicial resources warrants retaining this case in this jurisdiction. He ignores, however, the fact that an action concerning the check was already pending in the Eastern District of Pennsylvania when the bank filed its interpleader action in this jurisdiction and still is pending. Under either Fed. R.Civ.P. rule 22 or 28 U.S.C. § 1335, an interpleader may be asserted in an independent action or as a counterclaim. "In the interest of judicial economy, if an action is already pending against a party who desires to interplead others, that party should proceed by way of a counterclaim under Fed.R. Civ.P. 13." *Commerce & Industry Ins. Co. v. Cablewave, Ltd.,* 412 F.Supp. 204, 207 (S.D.N.Y.1976).

The plaintiff bank, despite its assertions to the contrary, could have counterclaimed for interpleader as the defendant in Buick's action in Pennsylvania. The bank insists that it brought the present interpleader action here because Crawford may not have been amenable to service of process in the Eastern District of Pennsylvania. The bank contends that the United States Court of Appeals for the Third Circuit's decision in *Metropolitan Life Insurance Company v. Chase,* 294 F.2d 500 (1961), barred its bringing an interpleader action via a counterclaim. Whatever the merit of that decision, or of the bank's interpretation thereof, as of now there is an interpleader proceeding brought under section 1335 and pending here and the sole problem is whether the same should be transferred *en toto.* In the interest of justice, accompanied with considerations of convenience and interests of the parties and witnesses, this case should be transferred under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania. I am not unmindful of the homage which must be paid to a plaintiff's choice of forum or of the fact that this plaintiff bank remains and will remain a party to this action. Its choice of forum was, according to its own views, compelled by its interpretation of the *Metropolitan Life* decision and its continuing involvement is not of the greatest moment. All of the relevant facts derive from events in the Eastern District of Pennsylvania.

 The bank has moved[1] to be discharged from the case at this juncture as

1. The plaintiff bank has filed no motion papers *per se,* but instead has filed a "Memorandum in

being a disinterested stakeholder. It has also requested leave to amend its Complaint to reflect the additional deposit in the registry of the Court the sum of $1,751.57, reflecting the interest on $50,023 at the annual rate of eighteen percent for the period from February 24, 1982 to May 5th. The bank has deposited this sum in order that the interpleader fund will reflect the highest amount recoverable in this action. Yet, although the bank seeks to be excused from the case, it also wishes to reserve the right to contest any award of interest in excess of five and one-quarter percent. Such positions are inherently and irreconcilably inconsistent. Because of its request to contest the interest which might be awarded, the bank's motion to be discharged from the case will be denied.

The bank has also requested that this Court permanently enjoin Buick, Crawford and Chalfont from initiating or prosecuting further any action against it upon the cashiers check. Buick has failed to demonstrate the existence of any outside claims, and thus has failed to demonstrate any reason why it should not so be enjoined. Chalfont has yet to appear in this action and its posture cannot yet be determined. Accordingly, Chalfont should be enjoined from initiating or prosecuting further any action concerning the cashiers check until the present case has been fully adjudicated. Crawford has raised no objection to being permanently enjoined from initiating or prosecuting further any action concerning the cashiers check and I am convinced that this action will fully adjudicate Crawford's claims against the bank.

It is hereby ORDERED that Kutner Buick, Inc.'s motion to dismiss is denied, that Stuart L. Crawford and Kutner Buick, Inc. be enjoined from initiating or prosecuting further any action against Bankers Trust Company of Western New York upon the cashiers check, that Chalfont Industries,

Inc. be enjoined from initiating or prosecuting any action against Bankers Trust Company of Western New York until the present case shall have been fully adjudicated, that Bankers Trust Company of Western New York be given leave to amend its Complaint to allege the additional deposit in the registry of this Court of the sum of $1,751.57, that Bankers Trust Company of Western New York's motion for costs and attorneys fees is denied and that Kutner Buick, Inc.'s motion to transfer the venue of this case to the United States District Court for the Eastern District of Pennsylvania is granted.

---

Opposition to Defendant Kutner Buick Inc.'s Motion to Dismiss, or, in the Alternative, to Transfer the Action," in which the bank seeks additional relief. The memorandum was received by the Court August 13, 1982 and was thus timely under Fed.R.Civ.P. rule 6(d).

Moreover, copies of the memorandum were sent to the parties in accordance with Fed.R. Civ.P. rule 5(a). The Memorandum is hereby ORDERED docketed as the bank's motion, filed *nunc pro tunc* as of such date.