**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Bobby C. SCOTT, Richard K. Medina, Sr., Cynthia Medina, Eric Medina and Paula Whisner, Defendants.**

Civ. A. No. 84–354.

United States District Court, W.D. Pennsylvania.

June 27, 1984.

John H. Scott, Jr., Reed Smith Shaw & McClay, Pittsburgh, Pa., for plaintiff Metropolitan Life Ins. Co.

Robert W. Doty, and Christopher R. Opalinski, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for defendant Bobby C. Scott.

Robert C. Makoski, Jeannette, Pa., for defendants Medina (Richard, Cynthia & Eric) and Paula Whisner.

## MEMORANDUM

WEBER, District Judge.

The wife of a serviceman stationed in Germany took out an insurance policy on her life with Metropolitan, naming her husband as beneficiary, and her father as contingent beneficiary. Her husband, on furlough from a mental hospital, murdered her and shortly after killed himself.

Wife's father living in Tennessee made a claim for the policy. Metropolitan didn't

pay him because husband's father and his siblings who lived in Pennsylvania were also possible claimants. Wife's father began suit in the United States District Court for the Middle District of Tennessee. Metropolitan then filed an interpleader suit in the United States District Court for the Western District of Pennsylvania and paid the whole proceeds, double indemnity, interest and all, into this court.

Bobby C. Scott, the father, moves to transfer this case to Tennessee, and Metropolitan opposes. Neither forum has much to do with convenience of witnesses or parties, the essential actions in this drama having occurred in Germany. Both states have similar slayers' acts, concepts of domicile, damages for delay. We assume that a United States District Court in Tennessee is as well able to apply conflict of law principles as are we.

■ The balance of elements to be considered in a transfer are roughly equal here and Metropolitan's choice of forum would prevail except for a widely recognized policy applied in the federal courts that where an action is already pending in one forum against an insurance carrier where interpleader was equally available, either as an independent action or by way of counterclaim, the interpleader should not be tried in another forum, absent exceptional circumstances. We find none here, nor can we find any real interest of Metropolitan in maintaining the action in this forum.

■ We concur in the long standing belief that absent of exceptional circumstances, the federal court first seized of an action should be the one to adjudicate it. *See, e.g. Commerce & Industry Insurance Co. v. Cablewave, Limited,* 412 F.Supp.

204 (S.D.N.Y.1976). Although plaintiffs have properly filed the within interpleader action in the interest of protecting their rights, we do not feel that this factor standing alone entitles them to the right to choose the federal forum in which their interpleader claims to be heard. The interpleader action may be asserted in an independent action as was done in the instant case or as a counterclaim to the primary action filed in the Middle District of Tennessee. Fed.R.Civ.P. 22; 7 C. Wright and A. Miller, Federal Practice and Procedure, § 1708, at 391 (1972). We believe it appropriate in the interest of judicial economy that the interpleader action be brought as a counterclaim to the federal court action already commenced by the defendant Scott in Tennessee. We do not believe that any particular prejudice inures to the plaintiff Metropolitan if it were required to assert its claim by virtue of a counterclaim. As previously noted we find significant factors which indicate that Tennessee is the appropriate forum. The plaintiff suggests that the court has statutory authority to retain jurisdiction and to adjudicate the present interpleader action pursuant to 28 U.S.C.A. § 2361.[1] While we recognize that the court has such power pursuant to Section 2361, we note that it is discretionary and not mandatory that the court exercise it. The court's discretion is informed by two generally well-recognized principles, (1) a federal court should not undertake lightly to enjoin proceedings in another federal court, and (2) interpleader relief may be denied if there is an adequate remedy elsewhere. We find that under the present circumstances the federal court in the Middle District of Tennessee provides an adequate remedy to the plaintiff, as well as the additional defendants named in the present in-

---

1. Section 2361 provides:

In any civil action of interpleader or in the nature of interpleader under Section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any state or United States Court affecting the property, instrument or obligation involved in interpleader action and until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States Marshal for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case and may discharge the plaintiff from further liability, make the injunction permanent and make all appropriate orders to enforce its judgment.

terpleader action, to adequately protect their rights. We do not find that the circumstances in the present case warrant this court to interfere in the action presently pending in Tennessee. Insomuch as that court was first seized of this action, we feel that it should adjudicate it. *See, e.g. R.H. Fulton v. Kaiser Steel Corporation*, 397 F.2d 580 (5th Cir.1968); *Bankers Trust Co. of Western New York v. Crawford*, 559 F.Supp. 1359 (W.D.N.Y.1983).

In conclusion we find that the contacts to the Tennessee forum combined with the generally accepted principle that a federal court first seized of an action should be the one to adjudicate it in the absence of exceptional circumstances sufficient to warrant a change of venue under the present circumstances. We find this conclusion consistent with the discretionary aspects of 28 U.S.C.A. § 2361.