**MOSELEY et al. v. SUNSHINE BISCUITS, Inc. et al.**

**No. 7657.**

United States District Court
W. D. Missouri, W. D.

Sept. 25, 1952.

Edwin Earnshaw and Roy K. Dietrich (of Dietrich, Tyler & Davis), Kansas City, Mo., for plaintiff.

W. A. Ferguson, Long Island City, N. Y., Hubert L. Rowlands, Kansas City, Mo., for defendant Sunshine Biscuits.

Bernard J. Boyle, Omaha, Neb., James P. Aylward, Terence M. O'Brien, of Kansas City, Mo., for defendant Mainelli Realty Co.

REEVES, Chief Judge.

The principal question for decision in this case is whether the court has jurisdiction of the parties. It is an interpleader action as authorized by Section 2361, Title 28 U.S. C.A.

Upon the application of the plaintiffs a restraining order pursuant to the provisions of said section was granted and issued at the time the suit was filed. The defendants are residents of different states, neither one of which is resident of the district where the suit was filed and is now pending. Writs were issued and served upon the parties outside the State of Missouri. The defendant Sunshine Biscuits, Inc., a New York corporation, answered and did not complain of the venue. The other defendant, Mainelli Realty Company of Nebraska,

challenges the venue of the court, perforce the provisions of an express statute.

1. Section 1335, Title 28 U.S.C.A. specifically confers jurisdiction upon the district courts in interpleader suits. Section 1397, Title 28 U.S.C.A. provides the venue of such actions as follows:

"Any civil action of interpleader or in the nature of interpleader under section 1335 of this title *may be brought* in the judicial district in which one or more of the claimants reside." (Emphasis mine.)

Counsel for the interpleaders or plaintiffs say that this section is merely permissive and not mandatory and that, therefore, the venue of the court is properly fixed in this judicial district.

2. While counsel for plaintiffs cite several cases, such cases are not helpful on the questions presented. For instance, the case of United Building & Loan Ass'n v. Garrett, D.C., 64 F.Supp. 460, contains a specific recital that some of the claimants reside in the State of Arkansas where suit was brought. In the case of Coastal Air Lines v. Dockery, 8 Cir., 180 F.2d 874, the Court of Appeals, this Circuit, strongly intimated that the courts would have no jurisdiction save in those cases where the non-resident parties waive venue in cases such as the one at bar. An identical ruling was made by the Ninth Circuit Court of Appeals in Hagan v. Central Avenue Dairy, Inc., 180 F.2d 502, 17 A.L.R.2d 735.

3. The word "may" as used in the statute should be given a construction. In 26 Words and Phrases, p. 859, in all venue cases the word "may" is uniformly construed as meaning "must" or "shall." Quoting from an Arkansas case:

"The words 'may be brought,' as used in Kirby's Dig. § 6067, providing that an action against a corporation 'may be brought' in certain counties, have the meaning of 'shall be brought,' and are mandatory. Spratley v. Louisiana & A. Ry. Co., 77 Ark. 412, 95 S. W. 776, 777."

In venue cases from other states the identical meaning was ascribed to the word "may." In a Missouri case, namely, State

ex rel. Connor v. City of St. Louis, 158 Mo. 505, 59 S.W. 1101, 1102, the Supreme Court of Missouri, through Judge Valliant, said, in construing the word "may" found in the statutes:

"But 'may' does not always mean 'shall,' * * *. The true rule is this: If from the whole context we gather that the statute was designed to impose the act on the officer as a duty to be performed, then the authority to do it is an obligation to do it."

It is true that in the case of State ex rel. Coleman v. Blair, 245 Mo. 680, 151 S.W. 148, loc. cit. 151, the Supreme Court said that: "The word 'may' is sometimes construed as mandatory, but more frequently otherwise." 59 C.J. p. 1082, Section 635, says:

"Where, from a consideration of the whole statute, and its nature and object, it appears that the intent of the legislature was to impose a positive duty rather than a discretionary power, the word 'may' will be held to be mandatory."

As has been repeatedly stated, the national courts have no jurisdiction except as may be conferred upon them by express statutes. And, in like manner, venue is statutory. When the Congress enacted the interpleader statutes specially conferring upon the courts jurisdiction of the subject matter, the question naturally arose as to where the venue of such actions should be placed. By specific enactment, namely by Section 1397, Title 28 U.S.C.A., the Congress put the venue of such cases "in the judicial district in which one or more of the claimants reside." In this case neither of the claimants reside in this judicial district and clearly the court, while having jurisdiction of the subject matter, would have no jurisdiction of the parties unless they waived such jurisdiction. One of the claimants did not waive.

4. Moreover, the court is limited in its jurisdiction over the subject matter as well as the parties, even if they should appear. The court is dealing only with the fund and must determine which of the claimants, if it otherwise has jurisdiction, is entitled to the proceeds of such fund. Upon the express provisions of the law this court is without jurisdiction of the parties to render a judgment in personam, and accordingly the motion to dismiss should be sustained. This will dispose of all the other motions in the case which, if ruled, should be ruled favorably to the movant.