**Karl ZIEGLER, Plaintiff,**

v.

**DART INDUSTRIES, INC., Defendant.**

**Civ. A. No. 3952.**

United States District Court,
D. Delaware.

Oct. 23, 1974.

Howard M. Handelman, Bayard, Brill & Handelman, Wilmington, Del., and Arnold Sprung, Burgess, Dinklage & Sprung, New York City, for plaintiff.

Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., Thom-

as F. Reddy, Jr., S. Leslie Misrock, and Gerald J. Flintoft, Pennie & Edmonds, New York City, for defendant.

## OPINION AND ORDER

CALEB M. WRIGHT, Senior District Judge.

■ Plaintiff, Karl Ziegler,[1] has brought this action to redress infringement of its United States Letters Patent Nos. 3,113,115 and 3,257,332. The patents in suit involve polymerization catalysts that are used in the plastic and synthetic rubber industry.[2] Jurisdiction is conferred on this Court by 28 U.S.C. § 1338(a), and venue is proper under 28 U.S.C. § 1400(b). The case is presently before the Court on plaintiff's motion to transfer the action to the Western District of Texas.[3]

This is the second time that this Court has had to rule upon a transfer motion in this case. Four years ago, the defendant, Dart Industries, Inc. ("Dart"), moved to transfer the action to the Central District of California.[4] That motion was denied by this Court in a memorandum opinion dated November 17, 1970. In the ensuing four years the parties to this suit apparently informally suspended this action pending final determination of a suit that plaintiff had brought against an infringer in the Northern District of Texas. In that ac-

tion, the Court of Appeals for the Fifth Circuit has upheld the validity of plaintiff's patents, Ziegler v. Phillips Petroleum, Inc., 483 F.2d 858, cert. denied, 414 U.S. 1079, 94 S.Ct. 597, 38 L.Ed.2d 485 (1973), and the District Court has now entered final judgment.[5]

The defendant's alleged infringement of the patents in the instant suit occurs by reason of its operation of a plant in Odessa, Texas. The plant is operated by Dart and a third party, El Paso Products Co.[6] ("El Paso"), pursuant to a joint venture agreement. El Paso has been Dart's partner since before the inception of this suit, but has not been a party to this action. Plaintiff filed an infringement action against El Paso in the Western District of Texas only after final judgment was entered in the *Phillips* action. Plaintiff now requests that this instant action be transferred to the Western District of Texas for consolidation with the El Paso action.

■ The federal transfer statute provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In passing on plaintiff's transfer motion, this Court recognizes both that

---

1. Plaintiff, Dr. Ziegler, died in August 1973, and at his death the patents in suit were assigned to Studiengesellschaft Kohle, a West German corporation. A motion for substitution of parties under Rule 25 Fed.R.Civ.P. was made by the plaintiff, but action on this motion has apparently been deferred by stipulation of the parties.

2. An explanation of the subject matter of these patents may be found in the decision of the Fifth Circuit in a suit which the patentee brought against another alleged infringer. Ziegler v. Phillips Petroleum Co., 483 F.2d 858 (5th Cir. 1973).

3. Even though the original choice of forum was plaintiff's, plaintiff is not precluded from seeking a transfer under 28 U.S.C. § 1404(a). See 1 J. Moore, Federal Practice ¶ 0.145 [4.–2] (2d ed. 1974), and cases cited therein.

4. At that time, a declaratory judgment action brought by defendant against Ziegler was pending in the Central District of California. That action had been filed one day before the filing of this action. The District Court in California ordered dismissal of the declaratory judgment action, Dart Industries, Inc. v. Ziegler, C.A. 70–1662, and following an appeal to the Ninth Circuit of this dismissal order, the parties entered into a stipulated order of dismissal of that action with prejudice. Whether that stipulated dismissal was predicated on the assumption that this action would continue in Delaware is an issue which this Court need not reach.

5. Plaintiff's Affidavit in Support of Motion to Transfer, filed June 7, 1974, paragraphs 3 and 5.

6. El Paso Products Co. was formerly named the El Paso Natural Gas Products Co.

"the burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer", and that transfers are "not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L. Ed.2d 808 (1971). Particularly in this case, where the movant has waited over four years to file the transfer motion and has previously resisted a motion by the defendant to transfer the case to another district, it is equitable to require the movant to produce substantial reasons for a transfer.

Initially, the parties to this action have attempted to bolster their respective cases for and against transfer by arguing the issues of convenience of the parties and convenience of the witnesses. The plaintiff trumpets the benefits to be derived from a trial in the district of infringement, while the defendant points to certain witnesses living in Delaware or within the 100 mile radius in which compulsory process can be served under Rule 45, Fed.R.Civ.P.

The facility with which the parties have been able to change the positions that they espoused four years ago, when the defendant, rather than the plaintiff, wanted a transfer, only seems to reinforce the view expressed by this Court in that earlier opinion:

"whatever the merits of the convenience arguments in other types of litigation, in large patent cases any inconvenience to the parties or witnesses is usually *de minimus.*" Memorandum Opinion at 5.

Plaintiff next contends that it will be free to pursue El Paso in a relitigation [7] of this case if it loses in the instant suit. If plaintiff is correct, such action against El Paso would result in wasted judicial effort and would not be in the interests of justice.[8] Any subsequent action by plaintiff against Dart's partner, El Paso, would appear, however, to raise difficult issues of res judicata and/or collateral estoppel. Whether or not El Paso and Dart should be deemed to be in privity for purposes of this patent litigation is not an issue presently before this Court. Certainly this Court is not in a position to prejudge that issue and decide that relitigation of the patent issues against El Paso could follow a victory by Dart in this suit. Plaintiff's mere raising the possibility of such multiple litigation is not a sufficient reason for this Court to grant a transfer motion.

█ Plaintiff's primary motivation for seeking a transfer to a district within the Fifth Circuit appears to be a natural desire to take advantage of that Circuit's recent validity holdings with respect to the patents in this suit. Plaintiff's position, therefore, is that the Fifth Circuit's validity holding can be a factor favoring transfer under 28 U.S.C. § 1404(a). This Court cannot agree.

The basis for contending that it is in the interests of justice to transfer a pat-

7. Use of the term "relitigation" in reference to the action against El Paso is not meant to imply that the instant action against Dart will necessarily be tried first. There has as yet been no formal determination which of these two actions will go to trial first.

8. Defendant has suggested that El Paso will agree to be bound by any decision of this Court and thus contends that a separate action in the Western District of Texas is superfluous. Plaintiff contends that El Paso's agreement to abide by any decision of this Court is a *sub silentio* transfer of the El Paso action to this Court, and that such a *sub silentio* transfer is an impermissible circumvention of the Supreme Court's opinion

in *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). *Blaski* held that in determining where a suit "might have been brought" under § 1404(a), a court could not consider the possibility that the defendant would have waived its objections as to venue and jurisdiction over person. Under *Blaski*, therefore, if El Paso could not have been properly sued initially in Delaware, that action could not now be transferred to this Court. Since this Court's decision is not predicated on the existence of El Paso's agreement to be bound by a decision here, it is not necessary to rule on the issue of whet'er such an agreement could be used to avoid the effect of the *Blaski* decision.

ent suit to a circuit in which the patent's validity has been previously upheld is judicial economy. Plaintiff urges that the concern for judicial economy that motivated the decision in Blonder-Tongue Laboratories, Inc. v. University of Illinois' Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), should encourage transfers in cases such as the instant case. *Blonder-Tongue*, which overruled Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936), ended the practice of relitigating patent validity following a holding of invalidity, so long as the "patentee has had a full and fair chance to litigate the validity of his patent." 402 U.S. 333, 91 S.Ct. 1445. The judicial economy that would result from refusing to entertain relitigation was a key factor in that decision. What judicial economy would follow a transfer to a circuit that has upheld a patent's validity is, however, not so clear cut.

Several courts have held that prior experience of a particular trial judge with a particular patent is a factor to be considered in transfer motions when the validity of the patent is to be relitigated, and it is reasonable to assume that that same judge would be called upon to preside at the subsequent trial. See, e. g., Union Carbide Corp. v. Continental Oil Co., 172 U.S.P.Q. 62, rehearing denied, 172 U.S.P.Q. 175 (S.D.N.Y.1971). This Court does not disagree with that view. The previous patent litigation in this case, however, occurred before Judge Hughes in the Northern District of Texas, and there is no indication from the record that Judge Hughes could or would sit in the Western District of Texas to hear a relitigation. Further, there is no reason to assume that an appeal from a relitigation of the case would be heard by the same Court of Appeals panel that heard the *Phillips* case.

To the extent that the Fifth Circuit's opinion in *Phillips* dealt with issues that may be presented to this Court, plaintiff can be assured that that Circuit's opinion will be accorded due weight. Gener-

al Electric Co. v. Refrigeration Patents Corp., 65 F.Supp. 75, 81 (W.D.N.Y. 1946). Plaintiff in this case, however, is not entitled under *Blonder-Tongue* to a transfer, which would preclude the possibility of a split between circuits with respect to the validity of the patents involved.

The plaintiff has failed to meet the burden of persuasion that the moving party on transfer motions incurs; the motion to transfer is accordingly denied.