**WILMINGTON TRUST COMPANY, a banking corporation of the State of Delaware, Plaintiff,**

v.

**Elaine GILLESPIE, Executrix of the Estate of Louise B. McCall, et al., Defendants.**

**Civ. A. No. 75–76.**

United States District Court,
D. Delaware.

July 23, 1975.

Jane R. Roth, Richards, Layton & Finger, Wilmington, Del., for plaintiff.

Richard P. S. Hannum, Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant Gillespie.

David F. Anderson, Potter, Anderson & Corroon, Wilmington, Del., for defendants Cuthbert, Geney, Green, H. Wilson, E. Wilson, B. Hinkle, R. Hinkle, E. Douglas and M. Douglas.

## OPINION

STAPLETON, District Judge:

This is an action of interpleader brought under Rule 22 of the Federal

Rules of Civil Procedure by the Wilmington Trust Company ("the Bank"), which is trustee of a trust fund established under the will of George F. Capelle, Jr. A portion of the corpus of this trust is now distributable, under the terms of the will, to Louise B. Neilson McCall. She, however, died in 1970. Claiming the proceeds are, on the one hand, Elaine C. Gillespie, McCall's daughter and executrix under a probated will, and, on the other hand, ten individuals who hold purported assignments from McCall of shares of her interest in this trust fund. All of these claimants have been joined as defendants by the Bank, and all, with one exception, have appeared and laid claim to all or part of the fund.

Two matters are currently before the Court: the Bank's motion for leave to deposit the stake it holds into the registry of the Court, and defendant Gillespie's motions to transfer the action to another district.

### I. THE MOTION FOR LEAVE TO DEPOSIT.

■ It appears from the complaint that the Bank asserts no interest in the fund it holds other than that of assuring itself that it is paid to the proper claimant or claimants. It appears from the Answers and Claims in Interpleader of the appearing defendants that they assert no claims against the Bank other than to this fund. This is, then, an appropriate case in which to allow the nominal plaintiff the discharge from liability which it seeks, and order the adverse claimants to litigate among themselves their respective rights to the fund.

■ It is not required, in an action brought under Rule 22, that the fund or a bond therefor be deposited with the Court in order for the plaintiff to be discharged. 3A *Moore's Federal Practice* ¶ 22.10; 7 Wright & Miller, *Federal Practice & Procedure* § 1716.[1] But it is within the Court's discretion to order such deposit or bond, and this is commonly done. *Id.*

■ The purpose of deposit or bond is to assure the safety of the disputed stake and to facilitate the execution of the Court's ultimate judgment. *Emmco Ins. Co. v. Frankford Trust Co.,* 352 F.Supp. 130 (E.D.Pa.1972). The Court is confident that the fund involved here will be both safe and subject to proper disposition if the Bank is simply required to segregate it and hold it subject to the Court's order, and considers that the preferable course to follow in a case such as this where the stakeholder is a disinterested bank whose business it is to hold and manage such funds safely and prudently. See *A/S Krediit Pank v. Chase Manhattan Bank,* 155 F.Supp. 30, 37 (S.D.N.Y. 1957); 3A *Moore's Federal Practice* ¶ 22.10 n. 16. The Court deems it advisable, however, to require the Bank to furnish a bond as specified in the statute.[2]

### II. THE MOTION TO TRANSFER.

Defendant Gillespie has moved to transfer this action to the Central, or alternatively the Northern, District of California. The other appearing defendants oppose the motion.

■ The fact that interpleader has already been granted, and the plaintiff discharged, is no bar to the transfer of the "second stage" of an interpleader

---

1. In an action brought under the federal interpleader statute, either deposit of the stake or the giving of "bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy" is required. 28 U.S.C. § 1335(a)(2).

2. While the Court's view is that the posting of bond is not essential to its reasoning or conclusion on the transfer question, it realizes that it is in uncharted waters and considers it prudent to place this action in the same procedural setting it would have been in had it been filed in California.

case. *Mutual Life Ins. Co. of New York v. Ginsburg*, 125 F.Supp. 920, 925 (W. D.Pa.1954), *appeal dismissed*, 228 F.2d 881 (3rd Cir.) *cert. denied*, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495 (1956). The matter is governed by the general civil change of venue statute, 28 U.S.C. § 1404(a), which provides that:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In support of her motion, Gillespie shows by affidavits that her mother McCall's mental condition at the time she made the purported assignments may have been such as to render them invalid, and that the trial of this issue will require the presence of a number of witnesses, all or most of whom live in or near California. Thus, their presence would be both more convenient and compellable if this action were transferred there. Further, she states that she could not afford to bring these witnesses to Delaware to testify. Additionally, she notes that of the parties in the case only the plaintiff Bank is a resident of Delaware; all the other parties are residents of California except for defendant Cuthbert who is a resident of Utah. Finally, she asserts, since all the purported assignments were executed in California (though one was delivered in Utah), the question of their validity would be determined by California (or Utah) law, more conveniently decided by a court sitting in California.

In opposition, the other defendants say that a transfer of the case would delay its progress by necessitating their obtaining new California counsel, and would involve the determination of Delaware law as to the assignability of rights in a Delaware trust in the California courts. They assert that witnesses from the Bank may be called to testify, though without explaining why or on what issue. Finally, they argue that "[p]erhaps the strongest reason for believing the convenience of the parties to weigh against transfer is that nine of the eleven defendants expressly oppose such a transfer. Who is in a better position to judge the convenience of the parties than the parties themselves?" (Br. at 11).[3]

On the basis of these facts and arguments, the Court has no difficulty in concluding that this case would be far more conveniently tried in either the Northern or Central District of California than in Delaware, and that justice would be far better served by ordering transfer than by declining to do so. One particularly important consideration relates to what appears to be the key, if not the only, factual issue in the case: McCall's capacity at the time she executed the purported assignments. There is a substantial benefit to having live testimony on such an issue, where witness credibility may be crucial. All or most of the witnesses on this issue live in the Northern District of California. It will be far more convenient for them, and more economical for the parties, for

3. The opposing defendants also cite *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971) for the proposition that transfer should not be granted "unless the balance of convenience of the parties is *strongly* in favor" of the transfer. *Id.* at 25 (emphasis in original). This is certainly a correct statement of the general standard in this Circuit, and it is, of course, followed in this Court. See *e. g.*, *Ziegler v. Dart Industries, Inc.*, 383 F.Supp. 362 (D. Del.1974) (Wright, J.); *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761 (D.Del.1975) (Stapleton, J.). But the purpose of this rule is to give due weight to the plaintiff's choice of forum, which is held in this Circuit to be "a paramount consideration in any determination of a transfer request." *Shutte v. Armco Steel Corp., supra*, at 25. In an interpleader action such as this case, however, the named plaintiff has no real interest in where the dispute between the claimants is litigated; thus there is no reason to defer to its selection of forum. *Mutual Life Insurance of New York v. Ginsburg*, 125 F.Supp. 920, 925 (W.D.Pa. 1954), *appeal dismissed*, 228 F.2d 881 (3rd Cir.), *cert. denied*, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495 (1956). Indeed, in this case the plaintiff Bank does not oppose the motion to transfer.

them to testify there rather than in Delaware. Additionally, they will be subject to compulsory process there, but would not be here. See F.R.C.P., Rule 45(e)(1).[4]

However, the transfer statute requires that an action may only be transferred to another district "where it might have been brought." 28 U.S.C. § 1404(a). The opposing defendants argue that this action could not have been brought in the Northern or Central Districts of California, and if they are right, transfer to either of those districts is precluded.

An action of, or in the nature of, interpleader may be brought in the federal courts in two ways: as a "statutory interpleader" action, authorized by 28 U.S.C. § 1335, or as a "rule interpleader" action under Federal Rule of Civil Procedure 22. Venue in a statutory interpleader action may properly be laid in any district "in which one or more of the claimants reside." 28 U.S.C. § 1397. The Central or Northern District of California would thus be an indisputably proper location for this action, if it had been so brought. But the plaintiff Bank in its complaint labeled this action as one "brought under Rule 22." Venue for such an action is governed, instead, by the general venue statute, see *Id.* at 425; 3A *Moore's Federal Practice* ¶ 22.04[2], which provides for venue in a diversity action only in the district "where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a).

However, each legislative provision with which this Opinion is concerned—the interpleader statute, Rule 22, and the transfer statute—was adopted in order to provide a broad remedy for the formerly inadequate method of relief available to litigants. All are thus to be "construed and applied liberally" so as best to effectuate their beneficent purposes. *B. J. Van Ingen & Co. v. Connolly,* 225 F.2d 740, 744 (3rd Cir. 1955); 3A *Moore's Federal Practice* ¶ 22.02[1] n. 6; 7 Wright & Miller, *Federal Practice & Procedure* § 1704 n. 60 (interpleader); *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); 1 *Moore's Federal Practice* ¶ 0.145[1] (transfer).

So construing and applying these statutes, if this complaint had been filed in the Northern or Central District of California, it would not have been subject to dismissal because of improper venue, or for inability to obtain personal jurisdiction over Cuthbert (the Utah resident). The complaint alleges all the facts necessary to state a claim of "statutory" interpleader.[5] A complaint purporting to rest federal jurisdiction on one statutory ground may, if the pleaded facts permit, be construed to establish jurisdiction under another statute. *Wymard v. McCloskey & Co.,* 342 F.2d 495 (3rd Cir.), *cert. denied,* 392 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965); *Sikora v. Brenner,* 126 U.S. App.D.C. 357, 379 F.2d 134 (1967). And as the Court of Appeals for this Circuit has said, "it is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it. It is the operative facts pleaded which alone can do that." *Beeler v. United States,* 338 F.2d 687, 689 (3rd Cir. 1964). Thus, the District Court in California could have construed this complaint as commencing

---

4. The opposing defendants' assertion that they are the best judges of their own convenience deserves little weight where, as here, they can point to no persuasive facts to support their position. A party may be willing to undergo some inconvenience himself if by doing so he can impose greater inconvenience upon his opponent.

5. The complaint does not allege that the stake or a bond therefor has been deposited with the Court, but it prays that plaintiff be permitted to make such deposit. This, plus actual deposit of the stake or filing of the bond, would be sufficient to perfect the Court's jurisdiction under the statute. See 7 Wright & Miller, *Federal Practice & Procedure* § 1716 n. 77; 3A *Moore's Federal Practice* ¶ 22.10 n. 6.

an action under 28 U.S.C. § 1335, and upheld venue under 28 U.S.C. § 1397, and service of process on Cuthbert under 28 U.S.C. § 2361, which provides for nationwide service in statutory interpleader actions.

The Supreme Court has approved such a reinterpretation of a complaint for the purposes of a motion to transfer under Section 1404(a). In *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), it was held that an in rem admiralty action could be transferred to a district in which the res was not located, because a parallel in personam action had properly been brought there. The court said, in language which could as well have been written for this case:

> The idea behind § 1404(a) is that where a "civil action" to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court. That situation exists here. . . . The crucial issues about fault and damages suffered were identical . . . . The witnesses were identical. Thus, while two methods [could have been] invoked to bring the owner into court and enforce any judgment against it, the substance of what had to be done to adjudicate the rights of the parties was not different at all. [364 U.S., at 26, 80 S.Ct. at 1475.]

The *Continental Grain* case could be read as applying only to the unique context of in personam and in rem admiralty actions, and as resting on the old rule that venue in an in personam admiralty action lies wherever the defendant can be served or his goods or credits can be attached. See 7A *Moore's Federal Practice* ¶ 66[3]; *Atkins v. Disintegrating Co.*, 85 U.S. (18 Wall.) 272, 21 L.Ed. 841 (1873); *In re Louisville Underwriters*, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991 (1890). It has been more broadly interpreted, however, both in the Supreme Court, see *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805 (1964), in this district, see *Jacobs v. Tenny*, 316 F. Supp. 151, 159 (D.Del.1970) (Latchum, J.), and by the commentators, see 1 *Moore's Federal Practice* ¶ 0.145[6.–3].[6] Refusing to treat essentially identical claims as equivalent for the purposes of Section 1404(a) would "discriminatorily enable parties opposed to transfer, by means of their own acts or omissions, to prevent a transfer otherwise proper and warranted by convenience and justice." *Van Dusen v. Barrack, supra*, 376 U.S. at 623, 84 S.Ct. at 812. This is a possibility which the court said in that case "§ 1404(a) should be construed to prevent." *Id.*, at 624, 84 S.Ct. at 813.

Thus, I conclude that this action could have been brought in either the Central or the Northern District of California, and that it therefore can and should be transferred to one of those districts.

The remaining question is which district to transfer it to. Seven of the eleven defendants in the case live in the Northern District. Mrs. McCall lived in the Northern District during the time she made the purported assignments. The witnesses on the question of her capacity at that time reside there now. The Northern District thus appears to be the more convenient one from the standpoint of the parties and the witnesses and I conclude that this action should be transferred to that District.

---

6. The Fifth Circuit refused to follow *Continental Grain* in *Farnsworth & Chambers Co. v. Phinney*, 297 F.2d 681 (5th Cir. 1962), where it was argued that a suit for the recovery of taxes filed against the district director of internal revenue should be transferable to a district in which a similar suit could have been filed against the United States under the Tucker Act. The court held that because there were significant differences between the two types of suits, as evidenced by Congress' continued refusal to merge the two remedies, the rationale of the *Continental Grain* case did not apply. There are no such significant differences between statutory and rule interpleader, however.