**DATA GENERAL CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Loren Courtland SKINNER, II, Defendant.**

**Civ. A. No. 76–437.**

United States District Court, D. Delaware.

Oct. 20, 1977.

Lawrence C. Ashby, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff.

Louis J. Finger, of Richards, Layton & Finger, Wilmington, Del., for defendant.

STAPLETON, District Judge:

In this action, the plaintiff corporation seeks the return of 720 shares of its common stock, which were issued to the defendant, as an employee of the plaintiff, in connection with a Restricted Stock Plan. The plaintiff, a Delaware corporation with its principal place of business in Massachusetts, contends that under the provisions of the Plan, defendant was required to reconvey the stock upon termination of his employment, but that he has refused to do so. The defendant resides in California. All interactions between the two parties leading to this action occurred in California.

The action was originally filed in the Delaware Chancery Court, with jurisdiction over the defendant obtained pursuant to 10 Del.C. § 365. Venue was predicated on the situs of the shares of stock in question, pursuant to 8 Del.C. § 169. The action was removed to this Court by motion of the defendant pursuant to 28 U.S.C. § 1441. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

The action is now before this Court on a motion by the defendant for transfer to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). The issues involved in this transfer motion are first, whether the action is transferable under the terms of Section 1404(a), and if so, whether this Court should permit such a transfer.

## I. TRANSFERABILITY.

■ Section 1404(a) of Title 28 of the United States Code provides that a district court "may transfer any civil action to any other district . . . where it might have been brought". The initial issue, therefore, is whether this action "might have been brought" in the Northern District of California.

As noted above, the central issue in this action is which party is entitled to 720 shares of stock. The plaintiff filed the action in Delaware relying on an *in rem* theory of jurisdiction. The stock at issue is that of a Delaware corporation and, under 8 Del.C. § 169, the situs of that stock is in Delaware. The plaintiff argues that since this is an *in rem* action concerning property which is in Delaware, Delaware is the only place where this action "might have been brought". The theory underlying this contention is that *in rem* actions are by their

nature purely local, and, therefore, can be brought only where the Court has jurisdiction over the *res*.[1]

The defendant, on the other hand, contends that the plaintiff should not be allowed to prevent a transfer simply by characterizing the action *in rem*. Since entitlement to the stock depends upon the terms of an agreement between the plaintiff and the defendant, it is argued that this same action "might have been brought" as a simple *in personam* action in the Northern District of California.[2]

An examination of the complaint filed in this action reveals that its allegations state an *in personam* claim against the defendant upon which adequate relief could be granted in the Northern District of California. The complaint alleges the terms of the Restricted Stock Plan and the actions of the parties in relation to the stock involved. Specifically, it alleges that the defendant has breached his obligation under the Plan to reconvey the stock. The allegations close with the statement that plaintiff has no adequate remedy at law. The requested relief includes declarations that the stock is subject to the restrictions in the Plan, that the defendant has no title to the stock, and that the plaintiff is the legal owner of the stock, as well as such other relief as the Court may deem appropriate.[3] The complaint, if filed *in haec verba* in the Northern District of California and thereafter supported by proof of its allegations, would provide a basis for a declaration that defendant had breached the contract between the parties and, if deemed necessary, an injunction directing reconveyance of the stock.[4]

---

1. *See* 1 *Moore's Federal Practice* ¶ 0.142[2.1], pp. 1362–3.

2. There is proper venue between these parties in the Northern District of California, pursuant to 28 U.S.C. § 1391(a).

3. While plaintiff characterizes this action as *in rem,* it is clear that it seeks a determination of only the rights of the named parties in the stock. Moreover, the procedure followed provides no foundation for a judgment which

would be binding on anyone other than the named parties.

4. If a stock restriction agreement is valid, it will specifically be enforced by a California court. *Groves v. Prickett,* 420 F.2d 1119 (9th Cir. 1970) (applying California law: "To limit a corporation to an action for damages would defeat the very purpose of the contract and would not furnish an adequate remedy". 420 F.2d at 1122).

The narrow issue in this case is whether an *in rem* action brought in one district can be transferred to a second district, where the complaint sets forth an *in personam* claim for relief over which the second district has jurisdiction when the issues presented will be the same wherever the case is litigated, and where the relief which may be granted by either court is equally effective. I hold that such an action may be so transferred.

Plaintiff places its principal reliance upon a line of cases which holds that *in rem* actions are local and can only be disposed of where the *res* is located. I do not find it necessary to express any opinion on this issue.[5] This line of cases does not indicate that an *in rem* action may not be transferred to a district where "it might have been brought" as an *in personam* action to secure equivalent relief. The cases hold only that as long as the action is *in rem,* it must proceed where the *res* is located.

For example, in *Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank,* 416 F.2d 301 (5th Cir. 1969), upon which the plaintiff relies heavily, an *in rem* action was filed against a national bank for cancellation of a mortgage in the district where the mortgaged property was located. The bank moved to dismiss the action for improper venue, claiming that it could have been sued *in personam* in the district where it was established.[6] The Court held that the *in rem* action was a local action under the applicable Louisiana law, that venue there was proper, and accordingly denied the motion. During the course of its opinion, the Court stated:

> We are unpersuaded by appellant's argument that appellee *could have* sued simply *in personam* upon the underlying mortgage note, which would have rendered the action transitory rather than local. What appellee *actually* did by its amended complaint, not what it *could* have done, must control the proper characterization of the action. (416 F.2d at 304).

It must be remembered that this statement was made in the context of a motion to dismiss for improper venue. The case merely held that since the action was filed *in rem* in the district where the property secured by the mortgage was located, there was proper venue there. The language cited above also suggests that the same results could have been achieved in an *in personam* action in the district where the bank was established, and there would also be proper venue in that action. However, the question of whether the *in rem* action could have been transferred to the other district as an *in personam* action was not before the Court.

It has frequently been stated that an *in rem* action is not subject to a Section 1404(a) transfer. *See, e. g., Jacobs v. Tenney,* 316 F.Supp. 151 (D.Del.1970).[7] *See also,* 1 *Moore's Federal Practice* ¶ 0.145[6.–4], p. 1654; 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3843, p. 206. *But see, Construction*

---

5. *See* 1 *Moore's Federal Practice* ¶ 0.142[2.1]. For a recent discussion of what constitutes a "local" action, see *French v. Clinchfield Coal,* 407 F.Supp. 13 (D.Del.1976).

6. Under 12 U.S.C. § 94, national banks must be sued where they are established. However, in *Casey v. Adams,* 102 U.S. 66, 26 L.Ed. 52 (1880), the Supreme Court held that this provision does not apply to local actions.

7. In *Jacobs v. Tenney,* 316 F.Supp. at 169, the Court stated:

    Plaintiff advances several reasons for his opposition to transfer. First, he contends that to the extent jurisdiction herein asserted is *in rem* to determine the claims of tangible or intangible property whose situs is in Delaware, the case cannot be transferred to an-

other district court. Undoubtedly, this is the rule with respect to a purely *in rem* action because it has generally been held that the power is lacking under § 1404(a) to transfer such a case to a forum which has no jurisdiction over the *res* and thus is not one which "might have been brought" in the transferee district. . . .

However, the *Jacobs* Court was not considering whether the *in rem* action could have been transferred to another district where it could have been brought *in personam.* Other language in the Opinion, quoted *infra,* indicates that the use of *in rem* procedures should not be allowed to prevent transfer of a case otherwise transferable.

*Aggregates v. S.S. Azalea City,* 399 F.Supp. 662 (D.N.J.1975).[8] There have been instances, however, where *in rem* actions have been transferred under Section 1404(a).

The leading case involving the transfer of an *in rem* action is *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). There, the plaintiff sued both the barge and its owner for damage done to its cargo on the barge. The barge was sued *in rem* and the owner *in personam.* The barge owner moved to transfer the entire action under Section 1404(a). The Supreme Court found that the action against the barge owner was clearly transferable. It also held that the *in rem* action against the barge could be transferred. It found that when there exist two separate methods to proceed in an action, one party should not be able to prevent transfer by choosing one method over the other. In effect, the Court allowed transfer of an *in rem* action to a district where an *in personam* claim could have been brought, although the *in rem* claim could not have been asserted there originally. The Court stated:

> The crucial issues about fault and damages were identical, whether considered as a claim against the ship or its owner. The witnesses were identical. Thus, while two methods were invoked to bring the owner into court and enforce any judgment against it, the substance of what had to be done to adjudicate the rights of the parties was not different at all. (364 U.S. at 26, 80 S.Ct. at 1475).

In *VanDusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1963), *Continental Grain* was construed broadly. There, the Supreme Court again held that a party should not, by its own acts or omissions, be able to prevent a transfer. Since the purpose of a Section 1404(a) transfer is to allow an action to be presented in the forum where it is most convenient and just, such a

purpose cannot be allowed to be defeated by the use of restrictive state law rules by one party, where a second method of procedure is available.

The language of *Continental Grain* indicates that it is the facts pleaded and not one party's characterization of the action which must be examined to determine the transfer issue. In *Wilmington Trust Co. v. Gillepsie,* 397 F.Supp. 1337 (D.Del.1975), this Court held that under *Continental Grain* a complaint could be reinterpreted for the purposes of a motion to transfer. In that case, an interpleader action under Rule 22 of the Federal Rules of Civil Procedure was brought in the District of Delaware. There was a Section 1404(a) motion to transfer to either of two districts in California. Under the terms of Rule 22, the interpleader action could not have been brought in California. However, this Court found that the complaint also stated facts sufficient to make out an interpleader action under 28 U.S.C. § 1335, which could have been brought in California by the terms of the venue provisions of 28 U.S.C. § 1397. In the opinion, I stated:

> Refusing to treat essentially identical claims as equivalent for the purposes of Section 1404(a) would "discriminatorily enable parties opposed to transfer, by means of their own acts or omissions to prevent a transfer otherwise proper and warranted by convenience and justice." (397 F.Supp. at 1343).

The transfer was granted.

Under this line of cases, only the facts pleaded need be examined in order to decide whether a Section 1404(a) transfer is permissible. As indicated by *Wilmington Trust,* if a "reinterpretation of the complaint", 397 F.Supp. at 1343, presents an essentially identical claim for relief in a second district, that district is one in which the action "might have been brought", and a Section 1404(a) transfer is not barred.[9]

---

8. In *Construction Aggregates,* the court, relying upon *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), stated at 399 F.Supp. at 664:

> It is thus clear from the foregoing that the technical distinction of an *in rem* action will

not bar the transfer of a case where the interests of justice dictate such [a] transfer.

9. Plaintiff cites *Farnsworth & Chambers Co. v. Phinney,* 297 F.2d 681 (5th Cir. 1962), as authority that transfer will be denied where the

In this action, as shown above, the facts pleaded and the relief sought state a cognizable *in personam* claim for relief in the Northern District of California. If this complaint had been filed in the Northern District of California, it would not have been subject to dismissal because of improper venue, or because of a lack of personal jurisdiction over the defendant. That the plaintiff chose to label this action on the same complaint *in rem* and to file it in Delaware will not prevent transfer.[10] As the Supreme Court indicated in *VanDusen v. Barrack, supra,* the power to transfer under Section 1404(a) depends upon federal law (i. e., the terms of that statute and of the jurisdiction and venue provisions), and not upon state law rules. This view has also been expressed in this district in *Jacobs v. Tenney, supra.* There, Judge Latchum stated:

> A party should not be allowed to prevent the transfer of a case otherwise transferable, to another federal court by deliberately resorting to the use of state enacted *in rem* procedures to acquire jurisdiction . . . .. (316 F.Supp. at 170).

## II. THE BALANCE OF CONVENIENCE AND THE INTERESTS OF JUSTICE.

When a case could have been brought in the proposed transferee district, Section 1404(a) allows transfer "[f]or the convenience of [the] parties and witnesses, in the

interest of justice . . . ." Therefore, the Court must inquire into the balance of the appropriate interests, in order to determine whether this is a proper case for transfer.

■ Plaintiff argues that its choice of forum in Delaware should be accorded a great deal of deference. In *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir. 1970), *cert. den.,* 410 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971), the court stated:

> It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice " . . . should not be lightly disturbed." . . . The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, . . . and " . . . unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of forum should prevail." (citations omitted).

Thus, the proper inquiry is whether the defendant has carried his burden of showing that the balance of the appropriate interests weighs strongly enough in favor of transfer to override the plaintiff's choice of forum. *General Instrument Corp. v. Mostek Corp.,* 417 F.Supp. 821 (D.Del.1976).

■ The defendant resides in Saratoga, California. The plaintiff is a Delaware cor-

---

plaintiff might have brought an "almost identical action" for relief in the transferee court. In that case, a taxpayer sued the Director of Internal Revenue for a tax refund. That action could only be filed where the Director was a resident. The Director moved for transfer to another district where the taxpayer could have sued the United States for a tax refund. The Court denied the motion because it found the two types of actions to be distinct. The major difference between the two actions was the difference in defendants. The Court found *Continental Grain* not to be controlling because of the lack of identity of the defendants. The Court also found that there was a substantial difference in the relief possible in the two actions, due to the difference in defendants. If the plaintiff were successful, he could get costs

awarded against the Director, which would not be available in an action against the United States.

There is a clear difference between *Phinney,* where the two actions were against different defendants against whom different relief was available, and this case, where the complaint itself states a cognizable claim against the same party for equivalent relief in either of the two districts.

10. There may well be situations where an *in rem* action is of such a nature that that relief can only be granted in a court where the property is located, and where there is no *in personam* action available which would grant essentially identical relief. However, this is not one of those cases.

poration, with its principal place of business in Massachusetts, and operates a plant in Sunnyvale, California. The events leading to this action all occurred while the defendant was employed in the Sunnyvale plant. The witnesses involved in the case, on both sides, are people who had contact with the Sunnyvale plant while defendant was employed there, and who are employed and reside in California. Only one potential witness is outside of California, and he is not in Delaware, but in Michigan. Viewing the totality of convenience to both parties and the witnesses, it appears that Delaware is convenient to no one, and California is more convenient to all concerned. The balance therefore favors transfer. *Quandt v. Beech Aircraft Corp.*, 317 F.Supp. 1009 (D.Del.1970). Although plaintiff chose to bring this action in Delaware, the defendant has made a sufficient showing that it will be more convenient and less expensive for everyone involved to litigate in California, rather than in Delaware. This is sufficiently strong to override the plaintiff's choice of forum. Since neither party has argued convincingly that the "interests of justice" mandate that this action be tried in either Delaware or California, my decision rests solely on the relative convenience of the parties and witnesses. *General Instrument Corp. v. Mostek Corp., supra.*

Defendant has demonstrated to my satisfaction that the balance of conveniences weighs strongly in favor of transfer. Defendant's motion will be granted.

Submit Order.